UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————X

JOHN V. MUZIO and THERESA MUZIO,

           Plaintiffs,

                                         **OPINION & ORDER**
      -against-                            **CV-99-8605 (SJF)**

INCORPORATED VILLAGE OF BAYVILLE,
JAMES A. GOOLSBY, VICTORIA SIEGEL,
FLORENCE GENOVESE, and PINE LANE
ASSOCIATION, INC.,

           Defendants.
————————————————————X
FEUERSTEIN, J.

      Plaintiffs John V. Muzio (John) and Theresa Muzio (Theresa) (collectively, plaintiffs) commenced this civil rights action against defendants Incorporated Village of Bayville (the Village), James A. Goolsby (Goolsby), Victoria Siegel (Siegel), Florence Genovese (Genovese) and Pine Lane Association, Inc. (Pine Lane)[1], alleging violations of 42 U.S.C. §§ 1983, 1985 and 3617, and state law claims for negligence, malicious prosecution, abuse of process, and false arrest. The Village, Goolsby, Siegel and Genovese (collectively, the Village defendants) now move pursuant to Rule 37 of the Federal Rules of Civil Procedure for dismissal of the complaint for plaintiffs' failure to comply with discovery orders or, in the alternative, pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment dismissing the complaint as

---

[1] By order dated March 19, 2004, I granted Pine Lane's motion for summary judgment and dismissed the complaint in its entirety as against Pine Lane.

1

against them.[2] For the reasons stated herein, the Village defendants' motion is granted in part and denied in part.

I. BACKGROUND

    A. Factual Background[3]

        1. The Parties

Plaintiffs own real property located at 427 Bayville Avenue, situated within the Village.

The Village is a New York domestic municipal corporation. Goolsby has been employed by the Village as a building inspector, with code enforcement responsibilities, since 1995. At all relevant times, Siegel was the mayor of the Village. At all relevant times, Genovese was the Village Justice Court Clerk.

        2. Facts

Goolsby issued appearance tickets, number 1659 and 1660, dated January 5, 1995, to John. Ticket 1659 was issued under Chapter 75, Article IV, ¶ 75-26 of the Village Code, in

---

[2] In the March 19, 2004 order, I *sua sponte* (1) granted summary judgment dismissing all of Theresa's claims against the Village defendants; and (2) dismissed John's state law claims and claims pursuant to 42 U.S.C. § 1985 and 42 U.S.C. § 1983, except to the extent John's §1983 claims are based on theories of false arrest, malicious prosecution, and Fourth Amendment violations, against the Village defendants as time-barred. Accordingly, the only remaining claims against the Village defendants are (1) John's § 1983 claims based on theories of false arrest, malicious prosecution, and Fourth Amendment violations; (2) John's claims under the Fair Housing Act, 42 U.S.C. § 3617; and (3) John's claims for punitive damages against the Village defendants.

[3] The facts are derived from the Village defendants' statement of material facts pursuant to Local Rule 56.1, the accompanying affidavits and the pleadings. As plaintiffs have not submitted any opposition to the Village defendants' motion, the facts are undisputed.

connection with a "large container" on First Street "adjacent to and west" of plaintiffs' property. Ticket 1660 was issued under Chapter 80-61, Paragraph A of the Village Code as a result of plaintiffs continued "willful[], wrongful[], and unlawful[] maint[enance of] a four foot high stockade * * *." The ordinance "permits only a thirty inch high fence within thirty feet of the intersection of Bayville Avenue and First Street."

In 1995, a lawsuit was commenced in Justice Court for the Village of Bayville entitled <u>People of the State of New York v. John Muzio</u>, under docket numbers 1659 and 1660. On March 15, 1995, a trial was held before Judge Anthony D. Perry. Judge Perry ruled (1) that John was guilty of a violation of Chapter 75, article IV, ¶ 75-26 of the Village Code and should be fined fifty dollars ($50.00) and sentenced to fifteen (15) days imprisonment; (2) that John was guilty of a violation of Chapter 80-61, Paragraph A, of the Village Code and should be fined in the amount of one hundred dollars ($100.00); and (3) that if John removed or caused to be removed the "large container" within five (5) business days from service of the decision of the court, the 15-day sentence would be suspended.

John appealed Judge Perry's decision. By order dated March 18, 1997, the Appellate Term reversed the convictions.

B. Procedural Background

On December 29, 1999, plaintiffs *pro se* commenced this civil rights action under, *inter alia*, 42 U.S.C. § 1983, alleging violations of their First, Fourth, Sixth and Fourteenth Amendment rights. On May 11, 2000, Magistrate Judge E. Thomas Boyle entered an initial scheduling order, *inter alia*, directing that discovery by completed by October 31, 2000. By

3

order dated January 31, 2001, Magistrate Judge Boyle extended the discovery deadline until July 31, 2001.

On or about February 28, 2001, plaintiffs, having retained an attorney to represent them in this matter, served an amended complaint, alleging that defendants intentionally targeted them to investigation, harassment, coercion, unlawful searches, and enforcement and judicial proceedings for alleged violations of the Village Code. In addition, plaintiffs alleged that defendants "had conversations and communications whereby they agreed to execute * * * [a] discriminatory scheme * * * [and] committed overt acts in furtherance of such agreement * * * for the purpose of depriving the Plaintiffs of their [constitutional rights] * * * [and that the conspiracy] was motivated by racial, class based, and/or other invidiously discriminatory animus * * *." (Amended Complaint [Amend. Compl.], ¶¶ 28-31).

By order dated August 29, 2001, Magistrate Judge Boyle stayed discovery pending further order in light of an Order of Rehabilitation dated May 29, 2001 issued by the Commonwealth of Pennsylvania. By order dated October 30, 2001, the Honorable Denis R. Hurley[4] stayed and administratively closed this action without prejudice because the Village defendants' insurance carrier, Reliance Insurance Company, had been placed in liquidation. The action was restored to the active calendar in December 2002.

By order dated January 14, 2003, Magistrate Judge Boyle granted a final extension of the discovery deadline until March 31, 2003.

By letter application dated April 8, 2003, the Village defendants requested that Magistrate Judge Boyle enter a conditional order of preclusion against plaintiffs for their failure to respond

---

[4] This action was randomly reassigned from Judge Hurley to me on October 16, 2003.

to various discovery demands dated April 16, 2001 and May 2, 2001, respectively. In opposition, plaintiffs' counsel, *inter alia*, advised Magistrate Judge Boyle that he objected to the discovery demands as duplicitous.

By order dated May 16, 2003, Magistrate Judge Boyle gave plaintiffs ten (10) days within which to comply with all outstanding discovery demands, extended the discovery deadline until June 30, 2003, and denied the Village defendants' application for a preclusion order without prejudice to renewal.

By letter application dated June 11, 2003, the Village defendants renewed their request for an order of preclusion against plaintiffs on the ground that the outstanding discovery was not provided within the time prescribed by the May 16, 2003 order. In opposition, plaintiffs' counsel advised the court that numerous discovery had been provided and that he objected to the supplemental discovery demands relating to the amended complaint as duplicitous. By order dated June 25, 2003, Magistrate Judge Boyle denied the Village defendants' application.

According to the Village defendants, plaintiffs have still failed to respond to their supplemental interrogatories dated April 16, 2001 and to their various discovery demands dated April 16, 2001 and May 2, 2001, respectively, and have repeatedly failed to appear for depositions.

II.  DISCUSSION

    A.  Standard of Review[5]

---

[5] Although the Village defendants designate their motion as one pursuant to, *inter alia*, Rule 56 of the Federal Rules of Civil Procedure, their arguments in support of dismissal are, in substance, for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil

5

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted only where "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Levitt v. Bear Stearns & Co., 340 F.3d 94, 101 (2d Cir. 2003)(internal quotations and citations omitted). In deciding a motion to dismiss, the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Cargo Partner AG v. Albatrans, Inc., 352 F.3d 41, 44 (2d Cir. 2003); New v. Ashcroft, 293 F.Supp.2d 256, 257 (E.D.N.Y. 2003). The court's task "is merely to assess the legal feasability of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Levitt, 340 F.3d at 101 (internal quotations and citations omitted). The issue is not whether a plaintiff will ultimately prevail but whether he or she is entitled to offer evidence to support the claims. See New, 293 F.Supp.2d at 257 (citing Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 [2d Cir. 1995]).

However, the Court is not required to credit conclusory statements unsupported by factual assertions of fact or legal conclusions and characterizations couched as factual allegations. See Papasan v. Allain, 478 U.S. 265, 268, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002)(stating that conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss). The Court must limit itself to the facts alleged in the complaint, to any documents attached to the complaint as exhibits or incorporated by reference therein, to matters of which

---

Procedure. Indeed, defendants fail to submit any evidence outside of the four corners of the pleadings in support of their motion. Accordingly, I will utilize the standard for a motion to dismiss brought pursuant to Rule 12(b)(6).

judicial notice may be taken, or to documents within plaintiff's possession or of which plaintiffs had knowledge and relied on in bringing suit. See Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993); Spencer Trask Software and Information Servs. LLC v. RPost Intl. Ltd., No. 02 Civ. 1276, 2003 WL 169801, at * 4 (S.D.N.Y. Jan. 24, 2003).

B. Section 1983 Claims

42 U.S.C. § 1983 provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

Thus, to state a claim under section 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Adickes v. S.H. Kress & Co. 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

1. Claims against the Individual Defendants in their Personal Capacities

The Village defendants contend that plaintiffs' complaint fails to set forth any specific allegations of fact regarding how or in what way Genovese, Siegel or Goolsby (collectively, the individual defendants) deprived them of their constitutional rights.

In their complaint, plaintiffs allege, *inter alia*, (1) that Goolsby "[acted] unlawfully in

excess of that permitted by law, and created a climate of intimidation and depraved indifference" to their constitutional rights, (Complaint [Compl.], ¶ 7); (2) that Siegel "allowed the condition(s) complained of by plaintiff(s) to continue unabated, * * * [and] allowed or caused to be allowed, the continuing and unabated harrassment [sic], co-ersion [sic], intimidation, and deprivation of property rights, and abuse of process and authority, against the Plaintiff(s) * * * through indiscriminate and arbitrary 'code-enforcement' action(s), and selective enforcement * * *," (Compl., ¶¶ 8-9); and (3) that Genovese "committ[ed] continuing abuses of her official authority and lawful discretion in making public and repetitive defamatory and inflammatory statements about and to each Plaintiff * * *," (Compl., ¶ 10). Plaintiffs make no specific allegations against the individual defendants in their amended complaint.

Although "a claim for relief under 42 U.S.C. § 1983 only need allege that some person acting under color of state law deprived the claimant of a federal right," Green v. Maraio, 722 F.2d 1013, 1016 (2d Cir. 1983), it is well-settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Back v. Hastings on Hudson Union Free School Dist., 365 F.3d 107, 122 (2d Cir. 2004)(internal quotations and citation omitted); see Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997). A complaint based on a violation under section 1983 that does not allege the personal involvement of a defendant is "fatally defective on its face." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987) (internal quotations and citations omitted).

A defendant in a section 1983 action may not be held liable merely because he or she held a high position of authority. Davis v. County of Nassau, 355 F.Supp.2d 668, 676 (E.D.N.Y. 2005). Rather, personal involvement of a supervisory or high official may be established by

evidence of direct participation by that official in the challenged conduct, or by evidence of that official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003). In order to defeat a motion to dismiss, a section 1983 complaint must "allege particular facts indicating that an individual defendant was personally involved in the deprivation of the plaintiff's constitutional rights; mere 'bald assertions and conclusions of law' do not suffice." Davis, 355 F.Supp.2d at 677 (quoting Leeds v. Meltz, 85 F.3d 51, 52 [2d Cir. 1996]). A complaint which fails to offer any facts indicating how an individual defendant in a supervisory capacity was personally involved in a constitutional violation cannot withstand dismissal. Id.

Plaintiffs fail to offer any specific facts indicating how any of the individual defendants were personally involved in John's arrest, prosecution or purported Fourth Amendment violations. The conclusory allegations (1) that Goolsby "created a climate of intimidated and depraved indifference" to their constitutional rights, (Complaint [Compl.], ¶ 7); (2) that Siegel "allowed the condition(s) complained of by plaintiff(s) to continue unabated,* * * through indiscriminate and arbitrary 'code-enforcement' action(s), and selective enforcement * * *," (Compl., ¶¶ 8-9); and (3) that Genovese made "public and repetitive defamatory and inflammatory statements about and to each Plaintiff * * *," (Compl., ¶ 10), without more, are insufficient to state a viable section 1983 claim based on the remaining theories of false arrest, malicious prosecution and Fourth Amendment violations against those defendants. Specifically,

9

plaintiffs fail to indicate, *inter alia*, that the individual defendants directly participated in the alleged constitutional violations; were informed of the alleged constitutional violations but failed to remedy them; created or tolerated a policy or custom of false arrest, malicious prosecution or Fourth Amendment violations; were grossly negligent in their supervision of those who were purportedly involved in the constitutional violations; or had some actual indication that a constitutional violation was occurring, yet failed to act. Accordingly, the section 1983 claims are dismissed as against the individual defendants.

    2.    Section 1983 Claims against the Village and the Individual Defendants in their Official Capacities

The Village defendants contend that plaintiffs' § 1983 claims against the Village and the individual defendants in their official capacities fail because they have not established the existence of a municipal policy or custom that deprived plaintiffs of a constitutional right.

A municipality or municipal entity cannot be held liable under § 1983 on a *respondeat superior* theory. See, Monell v. Department of Soc. Servs. of City of New York, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Linder v. City of New York, 263 F.Supp.2d 585, 591 (E.D.N.Y. 2003). However, a municipal entity may be liable if the alleged offending conduct was undertaken pursuant to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipal] officers[,] * * * [or] governmental 'custom' even though such a custom has not received formal approval through the [municipality's] official decisionmaking [sic] channels." Monell, 436 U.S. at 690, 98 S.Ct. 2018.

To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with the municipal employees. Moray v. City of Yonkers, 924 F.Supp. 8, 12 (S.D.N.Y. 1996); see also Davis v. Lynbrook Police Dept., 224 F.Supp.2d 463, 478 (E.D.N.Y. 2002). "Mere assertions that a municipality has a custom or policy of violating constitutional rights are insufficient to state a Section 1983 claim 'in the absence of allegations of fact tending to support, at least circumstantially, such an inference.'" Davis, 355 F.Supp.2d at 678 (quoting Dwares v. City of New York, 985 F.2d 94, 100 [2d Cir. 1993]).

Although plaintiffs conclusorily allege the existence of a "formal or de facto policy" on the part of the Village with respect to the alleged constitutional violations of which they complain, (Compl., ¶ 39), they have not alleged any facts tending to support an inference that such a formal practice or custom endorsed by the Village actually existed. Accordingly, plaintiffs have not established a valid Monell claim against the Village. See, e.g. Davis, 355 F.Supp.2d at 678 (dismissing the plaintiff's municipal liability claims where the complaint failed to allege any facts of a municipal policy or custom beyond the specific instance that gave rise to the complaint). Likewise, plaintiffs' cannot establish a valid section 1983 claim against the individual defendants in their official capacities. See, e.g. Kentucky v. Graham, 473 U.S. 159,

11

165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)(holding that official-capacity suits generally represent only another way of pleading an action against an entity or which an officer is an agent). Therefore, plaintiff's § 1983 claims are dismissed in their entirety as against the Village and the individual defendants in their official capacities.

3. Conspiracy Claims

The Village defendants contend that plaintiff's conclusory allegations of a conspiracy are insufficient to state a cause of action under § 1983.

To establish a conspiracy claim under section 1983, a plaintiff must demonstrate (1) the existence of an agreement; (2) to act in concert to inflict an unconstitutional injury; (3) an overt act done in furtherance of that agreement; and (4) damages resulting therefrom. See Ciambriello v. County of Nassau, 292 F.3d 307, 324-325 (2d Cir. 2002). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." Id. at 325 (internal quotations and citation omitted). A complaint that fails to provide any details as to the time and place of the purported conspiracy is insufficient to withstand dismissal. See Id.

Plaintiffs' conclusory allegations of a conspiracy, absent any details as to the time and place of the purported conspiratorial acts, are insufficient to state a valid claim under section 1983. See, e.g. Collins v. City of New York, No. 05-CV-5595, 2005 WL 3501878, at * 2 (E.D.N.Y. Dec. 21, 2005)(dismissing plaintiff's conspiracy claims, *inter alia*, for his failure to

allege, except in the most conclusory terms, the existence of a conspiracy); Del Re v. Del Re, No. 05-CV-3490, 2005 WL 1962341, at * 2 (E.D.N.Y. Aug. 10, 2005)(accord). Accordingly, to the extent plaintiffs' conspiracy claims were not previously dismissed as time-barred, they are dismissed in their entirety for failure to state a cause of action.

    4.    Selective Enforcement Claims

The Village defendants contend, *inter alia*, that plaintiffs cannot establish a case of selective enforcement because they cannot demonstrate that they were selected for code enforcement as compared to others similarly situated who were not.

A plaintiff can bring an equal protection claim as a "class of one" where he or she alleges that he or she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000); see also Harlen Associates v. Incorporated Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001)(holding that a claim of selective enforcement requires the plaintiffs to show that they were treated differently from other similarly situated individuals and that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person). In order to succeed on such a claim, "the level of similarity between plaintiffs and the persons with whom they compare themselves must be extremely high." Neilson v. D'Angelis, 409 F.3d 100, 104 (2d Cir. 2005). The "similarly situated" test requires that a plaintiff asserting a "class of one" claim establish (1) that

"no rational person could regard the circumstance of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and [2] [that] the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake." Id. at 105.

However, plaintiffs are not required to identify in their complaint actual instances where others have been treated differently than themselves. See DeMuria v. Hawkes, 328 F.3d 704, 707 (2d Cir. 2003)(holding that a general allegation that the defendant treated plaintiffs differently than others similarly situated was sufficient, albeit barely, to meet the minimal level for a "class of one" claim at the pleading stage); Cathedral Church of the Intercessor v. Incorporated Village of Malverne, 353 F.Supp.2d 375, 383 (E.D.N.Y. 2005)(holding that although other Circuits have determined otherwise, in this Circuit, there is no requirement that the plaintiffs identify in their complaint actual instances where others have been treated differently). Moreover, a general allegation of impermissible motive and of animus, or that there is no rational basis for the difference in treatment, is sufficient to state a "class of one" equal protection claim. See DeMuria, 328 F.3d at 707; Cathedral Church, 353 F.Supp.2d at 383. In addition, plaintiffs are required to allege intentional disparate treatment. DeMuria, 328 F.3d at 707.

Plaintiffs allege (1) that defendants "did by [sic] intentionally * * * target and subject the Plaintiffs as owners of property(s) * * * to investigation, harassment, coercion, unlawful search(es), enforcement proceedings and/or judicial and other process * * *," (Amend. Compl. ¶ 11); and (2) that such conduct "was brought as part of the Defendants invidious scheme to

14

discriminatorily enforce the Bayville Village Code * * * against the Plaintiffs * * *," (Amend. Compl. ¶ 12). However, plaintiffs fail to make even a general allegation that they were treated differently than other property owners similarly situated. Accordingly, to the extent plaintiffs' selective enforcement claims were not previously dismissed as time-barred, those claims are dismissed for failure to meet even the minimal pleading requirements to state a viable cause of action.

### C. Defamation Claims

The Village defendants contend, *inter alia*, that to the extent plaintiffs are asserting state law claims for defamation, those claims should be dismissed as against the individual defendants because they do not set forth the particular words of which plaintiffs complain, as required by N.Y. C.P.L.R. § 3016.

Contrary to the Village defendants' contention, a claim for defamation asserted in federal court is governed by the liberal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, not by the particularized pleading requirements of N.Y. C.P.L.R. § 3016. See Unique Sports Generation, Inc. v. LGH-III, LLC, No. 03 Civ. 8324, 2005 WL 2414452, at * 9 (S.D.N.Y. Sept. 30, 2005); Nickerson v. Communication Workers of America Local 1171, No. 04 CV 0875, 2005 WL 1331122, at * 6 (N.D.N.Y. May 31, 2005); Sabatowski v. Fisher Price Toys, 763 F.Supp. 705, 713 (W.D.N.Y. 1991); Surgimex, Inc. v. Proctor & Gamble Distributing Co., No. CV-82-2503, 1987 WL 12559, at * 7 (E.D.N.Y. June 5, 1987). Under Rule 8, the plaintiff need not specifically plead the alleged defamatory words in his or her complaint; rather, he or she need

15

only provide the defendant with sufficient notice of the communications of which he or she complains so as to enable the defendant to prepare a proper defense. See Unique Sports, 2005 WL 2414452, at * 9.

To state a cause of action for defamation under New York law, the plaintiff must establish (1) that a defamatory statement of fact was made concerning him or her; (2) that the defendant published that statement to a third party; (3) that the statement was false; (4) that there exists some degree of fault; (5) and that there are special damages or that the statement is defamatory *per se*, i.e. it disparaged the plaintiff in the way of his or her office, profession or trade. See Unique Sports, 2005 WL 2414452, at * 8. In determining whether a defamation claim complies with the pleading requirements of Rule 8, the court should consider whether the complaint references the alleged defamatory statement; identifies the maker of that statement; and indicates when the statement was made, in what context it was made, whether it was made orally or in writing and whether it was made to a third party. See Nickerson, 2005 WL 1331122, at * 7.

Even under the liberal pleading standard of Rule 8, plaintiffs' allegations fail to state a valid claim for defamation under New York law. See, e.g. Nickerson, 2005 WL 1331122, at * 7 (dismissing plaintiff's defamation claim where the complaint failed to allege even an approximate date of publication of the defamatory statements). The most specific allegation that plaintiffs make with respect to their defamation claim is that Genovese made "public and repetitive defamatory and inflammatory statements about and to each Plaintiff * * *." (Compl. ¶ 10). Accordingly, plaintiffs' defamation claims are dismissed in their entirety.

### D. Punitive Damages

The Village defendants contend that plaintiffs' claims for punitive damages against the Village should be dismissed because punitive damages are never available against a municipality.

Punitive damages are not recoverable in a section 1983 action against a municipality. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); Davis, 355 F.Supp.2d at 675. Accordingly, plaintiffs claims for punitive damages against the Village are dismissed.

### E. Rule 37

Rule 37(b) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> "If a party * * * fails to obey an order to provide or permit discovery, * * * the court * * * may make such orders in regard to the failure as are just, and among others the following:
>
> * * *
>
> (C) An order * * * dismissing the action or proceeding or any part thereof * * *.

Although a court has the authority to impose sanctions under Rule 37(b) for noncompliance with a "clearly articulated" order requiring specific discovery, see, Banjo v. United States, No. 95 Civ. 633, 1996 WL 426364, at * 4 (S.D.N.Y. July 30, 1996), since dismissal is a harsh remedy, it should be granted only where the plaintiff's noncompliance is the result of "willfulness, bad faith, or any fault" in the course of discovery, and only after the

17

plaintiff has been warned that his or her noncompliance may result in dismissal. Id. (internal quotations and citation omitted). Dismissal is appropriate, however, "where the plaintiff has demonstrated an unwillingness to fulfill the discovery obligations imposed by the Federal Rules of Civil Procedure." Id.

In light of Magistrate Judge Boyle's denial of the Village defendants' most recent application for a preclusion order, and of plaintiffs' production of various discovery responses or objections to the discovery demands, the drastic remedy of dismissal is not appropriate in this case. Accordingly, the branch of the Village defendants' motion which seeks dismissal pursuant to Rule 37 is denied.

III. CONCLUSION

The Village defendants' motion is granted to the extent that the section 1983 and defamation claims are dismissed in their entirety and the punitive damages claim is dismissed as against the Village, and the motion is otherwise denied. As John's Fair Housing Act claim and punitive damage claims as against the individual defendants remain, the parties are directed to appear in my courtroom at 1010 Federal Plaza, Central Islip, New York on January 18, 2006, at 12:30 p.m. for a settlement conference with authority or persons with authority to resolve this

action. Further, the parties are directed to engage in good faith settlement negotiations prior to the conference.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: January 3, 2006
      Central Islip, New York

Copies to:

EDWARD M. GOULD, ESQ.
Suite 104
374 Islip Avenue
Islip, New York 11751

WHITE & McSPEDON, P.C.
875 Avenue of the Americas
Suite 800
New York, New York 10001

LITCHFIELD CAVO
420 Lexington Avenue, Suite 400
New York, New York 10170-